LAWRENCE S. GORDON (SBN 302330)
(LGordon@FeldmanGale.com)
TODD M. MALYNN (SBN 181595)
Email: tmalynn@feldmangale.com
**FELDMAN GALE, P.A.**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800).489-9814
Facsimile: (800).868-0386

JAMES A. GALE (Fla. Bar No. 371726)
(JGale@FeldmanGale.com)
ASHLEY G. KESSLER (N.Y. Bar No. 4834339)
(AKessler@FeldmanGale.com)
**FELDMAN GALE, P.A.**
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-358-5001
Facsimile: 305-358-3309

*Attorneys for Plaintiff Ripple Labs, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIPPLE LABS, INC., A CALIFORNIA CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> KEFI LABS, LLC, A WASHINGTON LIMITED LIABILITY CORPORATION; PAUL STAVROPOULOS, AN INDIVIDUAL; DEAN STAVROPOULOS, AN INDIVIDUAL; AND BRANDON ONG, AN INDIVIDUAL <br><br> Defendants | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff RIPPLE LABS, INC. ("Ripple Labs"), as its complaint against Defendants KEFI LABS, LLC ("Kefi Labs"), PAUL STAVROPOULOS ("Paul S."), DEAN STAVROPOULOS ("Dean S.") and BRANDON ONG ("B. Ong") (collectively, the "Defendants"), alleges, as follows:

## NATURE OF THE ACTION

1. This is an action seeking injunctive relief and damages arising from the Defendants' violation of the Lanham Act, the Anticybersquatting Consumer Protection Act ("ACPA"), California's unfair competition statute (California's Business and Professions Code section 17200), and common law unfair competition.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Ripple Labs is a California corporation residing in and having a principal place of business in San Francisco, California.

3. Defendant KEFI LABS, LLC ("Kefi Labs") is a Washington limited liability company residing in and having a principal place of business in or near Seattle, Washington.

4. Defendant PAUL STAVROPOULOS ("Paul S.") is an individual residing in or near Seattle, Washington and is a founding member of Kefi Labs who defines his role as the "head" of Kefi Labs. Defendant Paul S., on behalf of Kefi Labs, is listed as the registrant and administrative contact for the domain name www.getripple.io, which improperly uses the mark RIPPLE in commerce within this district and with California consumers.

5. Defendant DEAN STAVROPOULOS ("Dean S.") is an individual residing in or near Seattle, Washington, who has a background in marketing and is a founding member of Kefi Labs, which uses the domain name www.getripple.io, and which thereby improperly uses the mark RIPPLE in commerce within this District and with California consumers.

6. Defendant BRANDON ONG ("B. Ong") is an individual residing in La Jolla, California who defines his role at Kefi Labs as Business Development.

7. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338.

1
COMPLAINT

9. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) & (3).

11. The Court may properly exercise personal jurisdiction over the Defendants because Defendants have personally availed themselves of the benefits and protections of the State of California, Ripple Labs' claims arise out of Defendants' contacts with the State of California, and Defendants' conduct has resulted in injury to Ripple Labs in California.

## GENERAL ALLEGATIONS

### Plaintiff Ripple Labs and the RIPPLE Trademark

12. Ripple Labs has developed, maintained, operated and offered in commerce a hugely successful financial settlement infrastructure technology using a decentralized computer network for cross-currency settlement and market making activities for financial institutions, market makers and payment originators. This includes, but is not limited to, licensable software for banks and market makers, and computer programs for electronically transmitting fiat currency and virtual currency, as well as computer software consisting of a platform that accommodates payment and transactions under the trademark RIPPLE.

13. Specifically, Ripple Labs' computer programs and software facilitates the transfers of electronic cash equivalents and fiat currency while also providing virtual currency exchange transaction services for transferrable electronic cash equivalent units having a specified cash value.

14. Ripple Labs is the exclusive owner of all rights, title, and interest in the following U.S. Trademarks:

   a) No. 4,532,727 for the word mark RIPPLE in connection with "Peer-to-peer network computer services, namely, electronic transmission of financial data via computer terminals and electronic devices; transmission of financial information by electronic communications networks" in international class 038;

b) No. 4,532,726 for the word mark RIPPLE in connection with "Computer programs and computer software for electronically trading traditional currency and virtual currency; computer software, namely, electronic financial platform that accommodates payment and financial transactions; computer hardware for transmitting virtual currency and traditional currency between computers via a peer-to-peer computer network; downloadable electronic data files featuring transferrable electronic cash equivalent units having a specified cash value" in international class 009, and

c) No. 4,528,772 for the word mark RIPPLE in connection with "Currency exchange services; on-line real-time currency trading; cash management, namely, facilitating transfers of electronic cash equivalents; virtual currency exchange transaction services for transferrable electronic cash equivalents having a specified cash value; electronic funds transfer, namely, transmission of virtual currency and digital currency via electronic communication networks" in international class 036, and

d) No. 4,532,724 for the design mark RIPPLE in connection with "Peer-to-peer network computer services, namely, electronic transmission of financial data via computer terminals and electronic devices; transmission of financial information by electronic communications networks" in international class 038, and

e) No. 4,528,771 for the design mark RIPPLE in connection with "Currency exchange services; on-line real-time currency trading; cash management, namely, facilitating transfers of electronic cash equivalents; virtual currency exchange transaction services for transferrable electronic cash equivalent units having a specified cash value; electronic funds transfer, namely, transmission of currency via computer terminals and electronic devices; electronic funds transfer, namely, transmission of virtual currency and digital currency via electronic communication networks" in international class 036, and

f) No. 4,532,723 for the design mark RIPPLE in connection with "Computer programs and computer software for electronically trading traditional currency and virtual currency; computer software, namely, electronic financial platform that accommodates payment and financial transactions; computer hardware for transmitting virtual currency and traditional currency between computers via a peer-to-peer computer network; downloadable electronic data files featuring transferrable electronic cash equivalent units having a specified cash value" in international class 009, and

g) No. 4,453,543 for the word mark RIPPLE in connection with "Financial services, namely, providing secure payment options to members of an online community via a global computer network through the use of traditional currency and virtual currency" in international class 036, and

h) No. 4,744,899 for the word mark RIPPLE TRADE in connection with "Peer-to-peer network computer services, namely, electronic transmission of financial data via computer terminals and electronic devices; transmission of financial information by electronic communications networks" in international class 038, and

i) No. 4,744,898 for the word mark RIPPLE TRADE in connection with "Currency exchange services; on-line real-time currency trading; cash management, namely, facilitating transfers of electronic cash equivalents; virtual currency exchange transaction services for transferrable electronic cash equivalent units having a specified cash value; electronic funds transfer, namely, transmission of currency via computer terminals and electronic devices; electronic funds transfer, namely, transmission of virtual currency and digital currency via electronic communication networks" in international class 036, and

j) No. 4,453,376 for the word mark RIPPLE COMMUNICATIONS in connection with "Financial services and financial transaction services, namely,

|   |   |
|---|---|
| 1 | providing secure commercial transactions and payment options" in international class 036, and |
| 2 | |
| 3 | k) No. 4,390,999 for the word mark RIPPLE COMMUNICATIONS in connection with "Telecommunication services, namely, telephone and conference calling services; providing electronic telecommunication connections for meetings; electronic voice messaging services, namely, the recording and subsequent transmission of voice messages by telephone; providing telephone services with various features, namely, discussion groups, forums, chat rooms, electronic bulletin boards for transmission of messages among users" in international class 038. |

Ripple Labs is also the exclusive owner of any and all common law rights and goodwill associated with these trademarks (collectively, the "RIPPLE Trademarks"). Attached hereto as Exhibits 1 thru 11 are true and correct copies of the Certificates of Registration for the RIPPLE Trademarks.

15. Under the RIPPLE Trademarks, Ripple Labs offers *inter alia* software and services whereby individuals can create, credit, and disburse money—both real and virtual—to people within a peer-to-peer network.

16. Ripple Labs also owns all rights, title and interest in and to the URL domain names: http://www.ripple.com, http://www.rippletrade.com, http://www.ripple-project.org, and http://www.ripplepay.com, and the goodwill associated therewith.

17. By virtue of continuous and extensive use, the RIPPLE Trademarks have acquired substantial goodwill.

18. Ripple Labs and its predecessors-in-interest have continuously used and extensively promoted the RIPPLE Trademark throughout the United States and worldwide since long before Defendants' unauthorized and confusingly similar use of Plaintiff's RIPPLE Trademark. Indeed, Ripple Labs has expended a tremendous amount of time, effort and money to continuously and widely advertise and promote its network computer services, computer programs and currency exchange software, and currency exchange service under

the RIPPLE Trademark, including but not limited through Bloomberg, various trade shows, Ripple Labs' websites, third-party websites, and through social media outlets such as Facebook.

19. As a result, long before Defendants' unauthorized and confusingly similar use of Plaintiff's RIPPLE Trademarks, Ripple Labs' RIPPLE Trademarks had become widely recognized among the consuming public of the United States as a trusted platform offered by Ripple Labs.

20. Unfortunately, Ripple Labs' success has attracted unscrupulous infringers such as the Defendants who are anxious to capitalize on the popularity of the RIPPLE Trademarks.

### Defendants and Their Wrongful Conduct

21. In or about December 2014, long after Ripple Labs and its predecessors had established rights and goodwill in the RIPPLE Trademarks, Defendants adopted and commenced use in commerce of the confusingly similar—and, in fact, identical—mark "RIPPLE" in connection with computer software to propagate posts containing text, images, and digital photos to users via a global computer network (the "Infringing Mark").

22. At the time of commencing their use of the Infringing Mark, the Defendants knew or should have known of Ripple Labs' RIPPLE Trademarks.

23. Moreover, upon information and belief, Defendant Paul S., on behalf of Kefi Labs, and with a bad faith intent to profit from Plaintiff's RIPPLE Trademarks, registered the Internet domain name "getripple.io."

24. Defendants are and have been using the Infringing Mark on and in connection with the online platform operated by the Defendants at the websites: www.getrippl.io (the "Infringing Website").

25. Upon information and belief, Defendants jointly operate and control the Infringing Website and use of the Infringing Mark.

26. Defendants' registration and use of the getripple.io domain name constitutes cybersquatting.

27. In furtherance of Defendants' scheme to unfairly capitalize on of the goodwill and reputation of Ripple Labs' RIPPLE Trademarks, on March 18, 2015, Defendant Kefi Labs filed U.S. Trademark App. Ser. No. 86/568,807 for the word mark RIPPLE (the "'807 Application"). The '807 Application seeks registration in International Class 009, and more specifically, in connection with "Computer application software for mobile phones, portable media players, and handheld computers, namely, software for propagating posts containing text, images, and digital photos to users via the global computer network." At the time of filing the '807 Application the Defendants knew or should have known of Ripple Labs' RIPPLE Trademarks. Attached hereto as Exhibit 12 is a copy of the '807 Application.

28. Upon information and belief, Defendants' infringing services are calculated to and actually do deceive consumers about the source and quality of the services that the Defendants offer.

29. As a result, Defendants are harming consumers and irreparably damaging the goodwill associated with Ripple Labs' RIPPLE Trademarks and Ripple Labs.

30. Ripple Labs has performed all conditions precedent necessary to maintain the instant action that have not been otherwise waived or excused.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## UNDER 35 U.S.C. § 1114

31. Ripple Labs repeats and re-alleges the allegations in paragraphs 1-30 as if set forth fully herein.

32. Defendants' use of the Infringing Mark infringes upon Ripple Labs' superior rights in the federally registered RIPPLE Trademarks.

33. Defendants have knowingly and without the consent of Ripple Labs used the Infringing Mark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its computer software and network services, and such activities are

likely to cause confusion or mistake, or to deceive consumers in the United States as to the source, sponsorship and/or association of Defendants' goods or services.

34. Defendants' infringing acts include, without limitation, the distribution of advertising bearing the Infringing Mark; the promotion of services bearing the Infringing Mark on one or more internet websites; the use the Infringing Website itself; and the direct, indirect, or cooperative offering of services bearing the Infringing Mark in the United States.

35. Under the circumstances of this case, the Defendants' infringing activities constitute intentional, willful infringement in violation of Ripple Labs' rights under 15 U.S.C. §1114, and have caused and, if not enjoined, will continue to cause Ripple Labs immediate and irreparable harm.

36. Unless enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendants will persist in their activities, thereby causing Ripple Labs additional irreparable harm.

37. Ripple Labs has also sustained actual damages as a result of the Defendants' infringing activities in an amount to be ascertained at trial.

38. Based upon Defendants' activities, this case qualifies for: a disgorgement of Defendants' profits; actual damages; and treble damages, together with attorney's fees pursuant to 15 U.S.C. § 1117(b), or at the election of Ripple Labs, statutory damages pursuant to 15 U.S.C. § 1117(c).

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125

39. Ripple repeats and re-alleges the allegations in paragraphs 1 through 30 above as if fully set forth herein.

40. Ripple Labs is the owner of the valid and protectable RIPPLE Trademarks, as evidenced by the federal trademark registrations attached hereto as Exhibits 1 thru 11.

41. Ripple Labs' use of the RIPPLE Trademarks has been and continues to affect interstate commerce.

42.  Ripple Labs' first use of the RIPPLE Trademarks was prior to Defendants' unauthorized use of the Infringing Mark.

43.  There is a likelihood of consumer confusion caused by Defendants' unauthorized use of the Infringing Mark.

44.  Upon information and belief, Defendants' unauthorized use of the Infringing Marks was done knowingly, willfully, intentionally, in bad faith, and constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.  Defendants' acts are greatly and irreparably damaging to Ripple Labs and its RIPPLE Trademarks, and will continue to be greatly and irreparably damaging to Ripple Labs and its RIPPLE Trademarks unless enjoined by this Court, as a result of which, Ripple Labs is without an adequate remedy at law.

46.  Based upon Defendants' activities, this case qualifies for: a disgorgement of Defendants' profits; actual damages; and treble damages, together with attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT III

### CYBERSQUATTING IN VIOLATION OF THE ACPA, 15 U.S.C. § 1125(d)

47.  Ripple Labs repeats and re-alleges the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

48.  Ripple Labs' RIPPLE Trademarks are presumed valid, enforceable, and entitled to protection under the Lanham Act. Moreover, Ripple Labs' RIPPLE Trademarks were presumed to be valid and enforceable trademarks at the time that Defendant Paul S. registered the infringing domain name, getripple.io, on behalf of Kefi Labs, and at the time that the Defendants created the Infringing Website operating in association with that infringing domain name.

49.  The getripple.io domain name and the Infringing Website both incorporate and use the Infringing Mark. The Infringing Mark is confusingly similar to Ripple Labs' RIPPLE Trademarks. Indeed, the mark "RIPPLE" is incorporated in the domain name verbatim.

50. Defendants have registered and maintained the getripple.io domain and the Infringing Website with the bad faith intent to profit from them.

51. Defendants' activities violate the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

52. Defendants' acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Ripple Labs' business, reputation, and goodwill. Ripple Labs has no adequate remedy at law because monetary damages are inadequate to compensate it for the injuries caused by Defendants.

53. Upon information and belief, Defendants' unlawful registration, maintenance and use of the getripple.io domain name and Infringing Website has been intentional and willful.

54. Ripple Labs is entitled to injunctive relief, and also entitled to recover Defendants' profits, statutory damages and/or actual damages suffered by Ripple Labs and the costs of this action pursuant to 15 U.S.C. § 1117(a). Ripple Labs is also entitled to injunctive relief, including a Court order of forfeiture or cancellation of the accused domain name, getripple.io, or the transfer of the accused domain name to Ripple Labs pursuant to 15 U.S.C. § 1125(d)(1)(C).

55. Based upon Defendants' activities, this case qualifies for a judgment of treble damages, together with attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT IV

## UNFAIR COMPETITION PURSUANT TO CALIFORNIA'S BUSINESS AND PROFESSIONS CODE (SECTION 17200)

56. Ripple Labs repeats and re-alleges the allegations in paragraphs 1 through 30 as if set forth fully herein.

57. The wrongful acts and practices described herein constitute unfair competition within the meaning of California's Business and Professions Code section 17200.

58. As a result of Defendants' unfair competition, Ripple Labs has been irreparably harmed and has lost money or property within the meaning of the statute.

10
COMPLAINT

59. Ripple Labs is entitled to preliminary and permanent injunctive relief to remedy Defendants' unfair competition, including but not limited to Defendants' effort to capitalize on Ripple Labs' goodwill.

60. Ripple Labs seeks all ancillary equitable relief that is necessary and appropriate to remedy Defendants' unfair competition.

## COUNT VI

### UNFAIR COMPETITION PURSUANT TO THE COMMON LAW

61. Ripple Labs repeats and re-alleges the allegations in paragraphs 1 through 30 above as if fully set forth herein.

62. Defendants' unauthorized and unlawful activities described herein have been and will continue to be committed willfully and with full knowledge of the rights of Ripple Labs, and with the intention of: deceiving and misleading the public; wrongfully misappropriating and trading upon the nationally recognized value of the goodwill and reputation associated with the RIPPLE Trademarks; benefiting from and depriving Ripple Labs of the benefits arising from the reputation and goodwill associated with Ripple Labs and the RIPPLE Trademarks.

63. Ripple Labs has sustained actual damages as a result of Defendants' wrongful conduct in an amount to be ascertained at trial.

64. Ripple Labs has sustained irreparable harm as a result of Defendants' wrongful conduct for which there is no adequate remedy at law.

65. Defendants' conduct is fraudulent, malicious, and oppressive, and otherwise qualifies for the imposition of punitive damages under California law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ripple Labs prays for judgment in its favor as follows:

A. That Defendants, including its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants be preliminarily and permanently enjoined from:

1. Using Ripple Labs' RIPPLE Trademarks, and/or any confusingly similar variation thereof, including but not limited to RIPPLE and GETRIPPLE;

2. Passing off or falsely designating the origin of Ripple Labs' RIPPLE Trademarks and from injuring Ripple Labs' goodwill and reputation;

3. Doing any other act or thing likely to induce the belief that the Defendants' services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Ripple Labs;

4. Registering, using or trafficking in any domain name that is identical or confusingly similar to Ripple Labs' RIPPLE Trademarks, including but not limited to getripple.io; and

5. Using or displaying the RIPPLE Trademarks or any variation thereof, including without limitation the word mark RIPPLE or GETRIPPLE, for goods or services in any location, circumstance or environment, including on the Internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendants and their goods or services with Ripple Labs.

B. That Defendants forfeit, cancel or transfer the getripple.io domain name, and any other domain name containing "ripple" therein, to Ripple Labs.

C. That Defendants expressly abandon their trademark application for the mark RIPPLE, which is pending before the USPTO.

D. That Defendants offer up for destruction all products and marketing materials bearing the mark RIPPLE, or any confusingly similar variation thereof, including but not limited to the word mark RIPPLE, pursuant to 15 U.S.C. §1118.

E. That Defendants, in accordance with 15 U.S.C. §1116(a), be directed to file with this Court, and serve upon Ripple Labs within thirty (30) days after service of a

permanent injunction, a verified report setting forth in detail the manner and form in which Defendants have complied with the permanent injunction.

    F.    That Ripple Labs recover its actual damages, amounting to at least $2,000,000, sustained as a result of Defendants' wrongful actions.

    G.    That Ripple Labs recover statutory damages of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

    H.    That Ripple Labs recover Defendants' profits made as a result of Defendants' wrongful actions, as set forth herein.

    I.    That Ripple Labs recover up to three (3) times its actual damages and/or Defendants' profits in accordance with 15 U.S.C. §1117(a).

    J.    That this case be deemed an exceptional case under 15 U.S.C. §§1117 and that Defendants' be deemed liable for and ordered to reimburse Ripple Labs for its reasonable attorney's fees.

    K.    That Ripple Labs be awarded exemplary damages for Defendants' willful and intentional acts.

    L.    That Ripple Labs recover its attorneys' fees and costs.

    M.    That Ripple Labs recover such further relief to which it may be entitled and that this Court may deem just and proper.

Respectfully submitted,

By: /s/ Lawrence S. Gordon
Lawrence S. Gordon (SBN 302330)
(LGordon@FeldmanGale.com)
**FELDMAN GALE, P.A.**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800).489-9814
Facsimile: (800).868-0386

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: October 2, 2015

Respectfully submitted,

By: /s/ Lawrence S. Gordon
Lawrence S. Gordon (SBN 302330)
(LGordon@FeldmanGale.com)
**FELDMAN GALE, P.A.**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800).489-9814
Facsimile: (800).868-0386

*Attorneys for Plaintiff*