1  LAWRENCE S. GORDON (SBN 302330)
   (LGordon@FeldmanGale.com)
2  TODD M. MALYNN (SBN 181595)
   Email: tmalynn@feldmangale.com
3  **FELDMAN GALE, P.A.**
   303 Twin Dolphin Drive, Suite 600
4  Redwood City, CA 94065
   Telephone: (800).489-9814
5  Facsimile: (800).868-0386

6  JAMES A. GALE (Fla. Bar No. 371726)
   (JGale@FeldmanGale.com)
7  ASHLEY G. KESSLER (N.Y. Bar No. 4834339)
   (AKessler@FeldmanGale.com)
8  **FELDMAN GALE, P.A.**
   One Biscayne Tower, 30th Floor
9  2 South Biscayne Boulevard
   Miami, FL 33131
10 Telephone:  305-358-5001
   Facsimile:  305-358-3309
11

12 *Attorneys for Plaintiff Ripple Labs, Inc.*

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 RIPPLE LABS, INC.,                    )    CASE NO.: 3:15-cv-04565 MEJ
   A CALIFORNIA CORPORATION,            )
16                                       )    **CONSENT FINAL ORDER**
                                         )
17      Plaintiff,                       )
                                         )
18      vs.                              )
                                         )
19 KEFI LABS, LLC, A WASHINGTON          )
   LIMITED LIABILITY CORPORATION;       )
20 PAUL STAVROPOULOS, AN                 )
   INDIVIDUAL; DEAN                      )
21 STAVROPOULOS, AN INDIVIDUAL;          )
   AND BRANDON ONG, AN                   )
22 INDIVIDUAL                            )
                                         )
23      Defendants                       )
                                         )
24 _____)

25      THIS CAUSE came before the Court on the Parties' Joint Motion for Entry of

26 a Consent Final Order.  The Court, having reviewed the Complaint, the Joint Motion

27 and all other papers and proceedings in this action, and upon the agreement, consent

28

1 | and stipulation of the Plaintiff, Ripple Labs, Inc. ("Ripple"), and Defendants, Kefi

2 | Labs, LLC ("Kefi Labs"), Paul Stavropoulos ("Paul S."), Dean Stavropoulos ("Dean

3 | S.") and Brandon Ong ("B. Ong")(collectively, Kefi Labs, Paul S., Dean S. and B.

4 | Ong may be referred to as "Defendants"), to resolve this controversy under the

5 | terms of the Consent Final Order, and being otherwise fully advised in the premises,

6 | the Court hereby makes the following stipulated findings:

7 |         A.      This Court has jurisdiction over the parties and subject matter of this

8 | action, and venue is proper in this District.  The Court shall retain jurisdiction for

9 | the purpose of enforcing the terms of this Consent Final Order.

10 |        B.      Ripple is the exclusive owner of all rights, title and interest in the

11 | following U.S. Trademark Registrations:

12 |            a.  No. 4.532,727 for the word mark RIPPLE in international class 38;
     |            b.  No. 4,532,726 for the word mark RIPPLE in international class 9;

13 |            c.  No. 4,528,772 for the word mark RIPPLE in international class 36;
     |            d.  No. 4,532,724 for the design mark RIPPLE in international class 38;

14 |            e.  No. 4,528,771 for the design mark RIPPLE in international class 36;

15 |            f.  No. 4,532,723 for the design mark RIPPLE in international class 9;

16 |            g.  No. 4,453,543 for the word mark RIPPLE in international class 36;
     |            h.  No. 4,744,899 for the word mark RIPPLE TRADE in international

17 |                class 38;

18 |            i.  No. 4,744,898 for the word mark RIPPLE TRADE in international
     |                class 36;

19 |            j.  No. 4,453,376 for the word mark RIPPLE COMMUNICATIONS in

20 |                international class 36; and

21 |            k.  No. 4,390,999 for the word mark RIPPLE COMMUNICATIONS in
     |                international class 038.

22 | Ripple is also the exclusive owner of any and all common law rights and goodwill

23 | associated with these trademarks (collectively, the "RIPPLE Trademarks").

24 |        C.      By virtue of Ripple's continuous and extensive use and promotion of

25 | its computer software and services under the RIPPLE Trademarks, the RIPPLE

26 | Trademarks have acquired substantial goodwill.

27 |

28 |

1      D.     Long before the Defendants' unauthorized and confusingly similar use

2 of Ripple's RIPPLE Trademarks, the RIPPLE Trademarks had become widely

3 recognized among the consuming public of the United States.

4      E.     Kefi Labs commenced use of the mark RIPPLE in connection with a

5 social media-related application and service (the "Infringing Mark").

6      F.     Paul S. registered the Internet domain name GETRIPPLE.IO, which

7 incorporates the Infringing Mark, and subsequently used that domain name in

8 connection with the Kefi Lab's application and service (the "Infringing Website").

9      G.     Kefi Labs also applied to the U.S. Patent and Trademark Office for a

10 registration for the mark RIPPLE, and the application was assigned Serial No.

11 86/568,807 (the "'807 Application").

12      H.     Defendants deny engaging in trademark infringement, but nonetheless

13 desire to resolve this action based on the terms of this Consent Final Order.

14      I.     Defendants represent and warrant that they have consulted with and

15 sought the advice of counsel and that they understand the legal meaning and effect

16 hereof, and that each has agreed to be bound by the terms of this Consent Final

17 Order.

18      Accordingly, the Court hereby ORDERS AND ADJUDGES as follows:

19      1.     Defendants are hereby PERMANENTLY ENJOINED from using the

20 RIPPLE Trademarks and any other confusingly similar marks.  Additionally,

21 Defendants are PERMANENTLY ENJOINED from adopting any trademarks that

22 are confusingly similar to any of Ripple Labs' trademarks. Defendants shall have

23 until December 23, 2015 in which to phase out all use of the RIPPLE Trademarks,

24 including without limitation, on all social media sites (e.g., Facebook, LinkedIn,

25 Instagram, Twitter, etc.), in all software and applications (including without

26 limitation mobile apps), and in any existing advertising and promotional materials.

27 Defendants shall not commence any new advertising or promotional campaigns

28 using the RIPPLE Trademarks or any confusingly similar marks.

1     2.     On or before December 23, 2015, Paul S. shall cause to be transferred

2 to Ripple Labs the Internet domain name GETRIPPLE.IO and any other registered

3 domain names incorporating any of the RIPPLE Trademarks.  Defendants shall not

4 register any other Internet domain names incorporating any of the RIPPLE

5 Trademarks or otherwise confusingly similar to the RIPPLE Trademarks.

6     3.     Within ten (10) days of the entry of this Consent Final Order, Kefi Labs

7 shall expressly abandon the '807 Application by filing the appropriate papers with

8 the U.S. Patent and Trademark Office.

9     4.     The parties shall each bear their own respective costs, expenses and

10 attorneys' fees incurred in this action.  The prevailing party in any action to enforce

11 this Consent Final Order shall be entitled to recover its reasonable attorney's fees,

12 costs and expenses from the non-prevailing party.

13     5.     Pursuant to Fed.R.Civ.P. 65, this Consent Final Order shall be binding

14 upon and inure to the benefit of the parties hereto and their respective parents,

15 subsidiaries, affiliates, predecessors, successors and assigns, and their officers,

16 directors, shareholders, servants, employees, attorneys and agents, and/or any

17 committee or other arrangement of creditors organized with them who receive actual

18 notice of this Consent Order by personal service or otherwise.

19     6.     This Consent Final Order shall be deemed to have been served on each

20 of the parties at the time of its execution and entry by the Court.

21     7.     The Court shall retain jurisdiction of this action to enforce the terms of

22 this Consent Final Order.

23     8.     The parties have agreed to unconditionally waive any and all rights of

24 appeal which they may have in connection with the entry of this Consent Final

25 Order.

26

27

28

CONSENT FINAL ORDER

1    DONE AND ORDERED at San Francisco, California, this _____ day of

2 December, 2015.

3

4

5                                                  _____
                                                   The Honorable Maria-Elena James
6                                                  United States District Judge

7 Copies furnished to:
  All counsel of record
8 Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT FINAL ORDER